■ JOAN MARMO et al., Respondents, v SOUTHSIDE HOSPITAL, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the defendant Southside Hospital appeals on the ground of excessiveness of the verdict from a judgment of the Supreme Court, Suffolk County (Luciano, J.), entered June 11, 1987, which, upon a jury verdict

finding it 35% at fault in causing the plaintiffs' damages and finding that the plaintiffs had suffered damages in the amount of $4,132,000, is in favor of the plaintiffs and against it in the principal sum of $1,428,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $1,547,233 and to reduce the damages payable by Southside Hospital to $541,528.05, which represents Southside Hospital's proportionate share of the damages to the plaintiffs, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On February 29, 1980, Joan Marmo, then 35 years old, experienced an excruciatingly painful headache. She also vomited, and subsequently blacked out. That day her husband, Louis Marmo, took her to the emergency room of the appellant Southside Hospital (hereinafter the hospital) where she was examined by Dr. Edilberto Santos. Dr. Santos diagnosed Mrs. Marmo as having an intestinal virus.

Still feeling head pains subsequent to her hospital examination, Mrs. Marmo consulted Dr. Stanley Blyksal on March 2 and March 5. He concluded that Mrs. Marmo was suffering from "possible sinusitis".

On March 8, 1980, Mrs. Marmo was taken to the hospital in a semicomatose condition. Neurological tests revealed that she had a subarachnoid hemorrhage, i.e., bleeding into the subarachnoid space at the base of the brain, caused by an aneurysm. In April, surgery was performed and the aneurysm was repaired. However, because the aneurysm was not correctly diagnosed prior to March 8, Mrs. Marmo sustained brain damage.

The hospital, the sole appellant, concedes liability based on Dr. Santos' failure to correctly diagnose the fact that Mrs. Marmo sustained an aneurysm on February 29, 1980. Moreover, the hospital does not contest the claim that Mrs. Marmo is entitled to reasonable compensation. Rather, the sole issue on appeal concerns the propriety of the damages awarded to Mrs. Marmo. Specifically, the hospital contends that the

award for pain and suffering was excessive, and that the awards for certain pecuniary damages were not supported by the evidence.

Without minimizing the pain or injuries suffered by Mrs. Marmo, we conclude that the $3,000,000 award for pain and suffering should be reduced to $1,000,000. While the computation of damages in cases such as this " 'is necessarily speculative and fraught with difficulty' " (Kavanaugh v Nussbaum, 129 AD2d 559, 563, mod 71 NY2d 535), the jury's award is excessive in light of awards for pain and suffering made in other cases. We also find that the jury's award of $500,000 for household help is unsupported by the evidence and should be reduced to $78,200 (see, Fiederlein v New York City Health & Hosps. Corp., 56 NY2d 573). Similarly, the $315,000 award for loss of future earnings was based on earnings Mrs. Marmo would have earned as a hairdresser and cosmetologist. However, Mrs. Marmo last worked as a beautician in 1965, some 15 years prior to her illness. Thus, to grant Mrs. Marmo an award as a beautician would be speculative (see, Masterton v Village of Mount Vernon, 58 NY 391). Mrs. Marmo is, however, entitled to an award for loss of future earnings based on her occupation at the time of her illness. The evidence establishes the present value of such an amount to be $206,503 and we reduce the award for future loss of earnings accordingly. The jury also granted Mrs. Marmo an award for physiotherapy expenses in excess of the sum established at trial and we reduce that portion of the award to $195,520 to conform with the evidence.

Thus, including the $52,000 awarded to Mr. Marmo for medical expenses and loss of services, as well as the $15,000 awarded to Mrs. Marmo for lost earnings prior to trial, the total damage award equals $1,547,223. Taking into consideration the statutory offset as well as the jury's finding that the hospital's proportionate share of liability was 35% (see, General Obligations Law § 15-108), we find that the hospital is liable for $541,528.05. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.