■ NANCY NAVEJA, Respondent-Appellant, v HILLCREST GENERAL HOSPITAL, Respondent, and BEN A. KAZEMI et al., Appellants-Respondents.—In a medical malpractice action, the defendants Ben A. Kazemi and Neil Kessner, appeal (1) from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated April 7, 1987, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $1,879,000, and (2) as limited by their brief, from so much of an order of the same court, dated June 17, 1987, as denied their motion to set aside the verdict against them as against the weight of the evidence, or in the alternative, to reduce the verdict. The plaintiff cross-appeals from the judgment and seeks review of a trial ruling granting the defendant Hillcrest General Hospital's motion to dismiss her complaint as against it.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of

the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $1,404,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed; and it is further,

Ordered that the order dated June 17, 1987, is affirmed, without cost or disbursements; and it is further,

Ordered that, upon the stipulation of the plaintiff, the cross appeal is withdrawn, without costs or disbursements.

On appeal the defendants-appellants argue that the verdict in favor of the plaintiff is not supported by the evidence because the opinions of her experts were not based upon facts in the record. However, we find that the opinions expressed by the plaintiff's experts, namely, that her stroke was the result of the defendant Kazemi's acts, are supported by facts which were either established or fairly inferable from the evidence (see, Hambsch v New York City Tr. Auth., 63 NY2d 723; Stringile v Rothman, 142 AD2d 637). Although the jury was presented with masses of contradictory testimony "the weight to be afforded the conflicting testimony of experts is a matter peculiarly within the province of the jury" (Stringile v Rothman, supra, at 640). A fair interpretation of the evidence fully supports the jury verdict (see, Stringile v Rothman, supra, at 640; Nicastro v Park, 113 AD2d 129, 134).

Although the liability of the appellants has been established, the award for past and future earnings must be reduced. The record reveals that the award, based on an assumption that the plaintiff would have become employed as a medical lab technician, if not for her stroke, is too speculative (see, Marmo v Southside Hosp., 143 AD2d 891). The plaintiff had never been employed in that position and had never even obtained the degree necessary to seek employment. Although she had taken several courses toward the degree she dropped out of school in 1973 and never returned. This is not a situation where loss of future earnings can be based on the plaintiff's active pursuit of a degree which would have enabled her to work as a lab technician (see, Horan v Dormitory Auth., 43 AD2d 65, 69). The record does, however, support an award of $260,000 for past and future earnings based on the plaintiff's last employment as a filing clerk. The awards for the cost of the services of a home attendant and for pain and suffering are supported by the evidence and should not be disturbed.

We have reviewed the defendants' remaining contentions and find them to be without merit.

The plaintiff has stipulated in her brief that in the event this court affirms the findings of fact as to the liability of the defendants Kazemi and Miller, she wishes to withdraw her cross appeal challenging the trial court's ruling dismissing her complaint as against the defendant Hillcrest General Hospital. Since we have affirmed the findings of fact as to liability, the cross appeal is deemed withdrawn. We note, however, that the record reveals that counsel subverted the plaintiff's cause of action against the hospital by unequivocally stating in his opening argument that the plaintiff's stroke was caused solely by the defendant Kazemi's improper treatment of her *(see, Seminara v Iadanza,* 131 AD2d 457). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.