■ LUISA DELACRUZ, as Administratrix of the Estate of JOSE DELACRUZ, Deceased, Appellant, v ANHEUSER-BUSCH, INC., Defendant, and JOHN TARTAGLIA et al., Respondents.— Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 5, 1990, which, *inter alia,* granted the

motion of defendants-respondents for summary judgment dismissing the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Decedent suffered fatal injuries while working at the warehouse leased by Sound Distributing Corp. ("Sound"), a wholesale beer distributor, when a stack of beer cases fell on him. The Simone defendants were the lessors of the warehouse to Sound. Pursuant to the lease, the landlord's responsibilities were limited to making repairs to sidewalks, roof, structural walls, foundations and plumbing. The landlord was not otherwise obligated to supervise Sound's day-to-day operating activities during its regular course of business. Upon being permitted pre-litigation discovery, plaintiff's claims against landlord and Anheuser-Busch, the beer manufacturer and bottler, focused on the theory that the beer cases had been improperly stacked. The landlord, however, owed no duty to anyone to supervise the stacking of the beer cases. (See, e.g., Pledger v City of New York, 175 AD2d 689; Manning v New York Tel. Co., 157 AD2d 264.) Moreover, plaintiff's attorney's affidavit that unevenness of the warehouse floor may have caused or contributed to the allegedly leaning condition of the beer cases, was neither alleged in the complaint nor supported by any admissible proof (see, Zuckerman v City of New York, 49 NY2d 557, 563). Concur—Carro, J. P., Ellerin, Wallach and Rubin, JJ.