■ VIVIAN ROMANO, Respondent, v GEORGE N. BROWNE et al., Doing Business as NEW 40 RECTOR STREET COMPANY, Appellants, and EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent. (And a Third-Party Action.)— Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered on or about February 28, 1991, denying the motion by defendants-appellants George N. Browne, William Roberts and Leonard Holzer, Doing Business as New 40 Rector Street Company, for summary judgment dismissing the complaint, is unanimously reversed, on the law, and the motion granted, without costs and disbursements.

Plaintiff Romano, an employee of Pritchard Services Inc., commenced this negligence action to recover for injuries sustained when she tripped on an electrical wire while cleaning the offices of defendant-respondent Equitable Life Assurance Society of the United States. The subject premises are owned by the defendants-appellants (landlord) and leased to defendant Equitable. Plaintiff allegedly tripped on an exposed wire that was used by Equitable to recharge its mail robot in the mailroom. The wire ran several feet away from the machine in front of a closet used by her to store a vacuum cleaner and her clothes. According to plaintiff's testimony at an EBT, the unprotected condition of the wire had existed for "some time".

The IAS court denied the landlord's motion for summary judgment finding that plaintiff's EBT testimony created triable issues of fact. We disagree. Plaintiff's injuries did not result from any defect in the premises for which the landlord was responsible. Moreover, there was no showing by plaintiff that appellants had notice of the defective condition.

We have previously noted that: "The general rule is that a landlord is not liable for injuries sustained by third parties on the demised premises after possession has been transferred to the tenant, unless the landlord has covenanted to maintain or repair the premises" (Manning v New York Tel. Co., 157 AD2d 264, 266). Under the lease executed by appellants with Equitable, the landlord retained the right to enter the premises to make repairs. While this right to reenter might furnish a

sufficient basis for finding constructive notice to the landlord of dangerous conditions pertaining to structural matters, Equitable was totally responsible for the placement of the robot mail machine and its wiring to an outlet (not the landlord). Plaintiff's injuries were not caused by any structural defect in the premises, which the landlord had the duty to repair, but by the operation and use of lessee Equitable's mail machine, over which appellants exercised no control. *(See, Pledger v City of New York,* 175 AD2d 689; *DelaCruz v Anheuser-Busch, Inc.,* 176 AD2d 673; *O'Rourke v Sachel Hardware,* 178 AD2d 134.) While the record indicates that the machine had been installed about two years prior to the incident, the landlord, as noted, had no part whatever in its placement or control over its use. Further, no complaints had been made, about the machine, its placement or the manner of its wire hookup, to the landlord-appellants. Nor, was any proof adduced that appellants had inspected the premises after business hours, when the condition was alleged to have existed, or that they were aware that the machine's wire was connected to a distant outlet without any tape or protective devices to prevent tripping.

While pursuant to *Guzman v Haven Plaza Dev. Fund Co.* (69 NY2d 559) a landlord's reservation of the right to reenter, inspect and make repairs, even without a duty to do so, may subject it to liability, the plaintiff must show that the landlord breached specific safety provisions of the New York City Administrative Code before liability will attach *(see, Manning v New York Tel. Co., supra,* at 269-270). There was no such showing herein. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.