█ In the Matter of JOSE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [611 NYS2d 173] —Order, Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered February 22, 1993, which adjudicated appellant a juvenile delinquent following a fact finding determination that he had committed acts which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, and placed him with the Division for Youth for a period of 12 months, unanimously affirmed, without costs.

The officers had reasonable suspicion to temporarily detain defendant and his companion until they could be identified by the complainant where the two were observed walking together and one matched a very detailed description and the other, while matching a general description, was wearing two leather jackets, and the complainant had just been robbed of a leather jacket (CPL 140.50; *People v De Bour,* 40 NY2d 210, 223). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.

█ LUIS SANTIAGO, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [611 NYS2d 174] — Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about June 25, 1992, which, *inter alia,* granted defendant The Port Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The general rule is that a landlord out of possession may not be held liable for plaintiff's injuries in the absence of specific violations of the Administrative Code not here demonstrated *(see, Romano v Browne,* 180 AD2d 515, 516). Plaintiff's reliance on *Guzman v Haven Plaza Hous. Dev. Fund Co.* (69 NY2d 559) is misplaced. In *Guzman,* specific Administrative Code violations concerning illumination and handrail clearance were established which violations were obligations of the landlord under the general provision to maintain a safe building *(supra,* at 564-565). Here, plaintiff offers no evidence of specific Administrative Code violations.

Moreover, as we held in *Love v Port Auth.* (168 AD2d 222), under similar circumstances, The Port Authority is in any event unaffected by any provision of the Administrative Code since The Port Authority functions as a State Agency exempt from municipal regulation. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.