Richard JOBLON and Magdalena
Joblon, Plaintiffs,

v.

Sheldon H. SOLOW and Avon Products,
Inc., Defendants.

Sheldon H. SOLOW, Third–
Party Plaintiff,

v.

GELLER ELECTRIC CONSTRUCTION
& MAINTENANCE, INC., Third–
Party Defendant.

No. 94 Civ. 0610 (RWS).

United States District Court,
S.D. New York.

April 5, 1996.

David P. Kownacki, New York City, for Plaintiffs.

Barry, McTiernan & Moore, New York City, for Defendant/Third–Party Plaintiff (Mark P. Hannafey, of counsel).

McMahon, Martine and Gallagher, New York City, for Third–Party Defendant (Timothy D. Gallagher, of counsel).

LaBrum & Doak, New York City, for Defendant Avon Products, Inc. (John P. Cookson, of counsel).

*OPINION*

SWEET, District Judge.

Plaintiffs Richard and Magdalena Joblon (the "Joblons") have moved for an order permitting reconsideration of the Court's Opinion dated February 13, 1996, and docketed February 14, 1996, 914 F.Supp. 1044 (S.D.N.Y.1996) (the "Opinion"). In the alternative, the Joblons seek certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292.

For the following reasons both motions will be denied.

### Background

The nature of the parties, prior proceedings, and facts underlying this action are set forth in the Opinion, familiarity with which is assumed. The Opinion, *inter alia*, denied the Joblons' motion for summary judgment declaring Section 240(1) of the Labor Law of the State of New York (McKinney 1986) ("Section 240(1)") to apply to their claim for damages arising from an injury suffered by Joblon while working as an electrician on property owned by defendant Sheldon H. Solow and leased by defendant Avon Products, Inc. The Opinion also granted the motion of third-party defendant Geller Electric Construction & Maintenance, Inc., Joblon's employer, for summary judgment that Sec-

tion 240(1) does not apply to the facts of the case.

### *The Motion to Reargue Will Be Denied*

■ Local Rule 3(j) provides in pertinent part, "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument under Local Rule 3(j), a party must demonstrate that the Court overlooked controlling decisions or factual matters put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237 (S.D.N.Y. 1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker*, 791 F.Supp. 1002, 1008 (S.D.N.Y. 1992); *Novak v. National Broadcasting Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 3(j) motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser v. AT & T Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *3 (S.D.N.Y.1989).

■ Because the Opinion overlooked neither controlling decisions nor factual matters put before it on the underlying motions for summary judgment, the present motion to reargue will be denied.

The Joblons fail to present factual matters that were overlooked in the Opinion. They place great weight on the fact that the Opin-

ion characterized the task performed by Joblon as "installing a wall clock", arguing that the Court oversimplified the nature of the work. That characterization does not indicate that the Court overlooked the extensive detail provided about the work both in Mr. Joblon's deposition and in the photographs placed into evidence. Indeed, although no opinion pretends to set out every fact considered, the Opinion's presentation of the facts of the case itself describes Joblon's "chisell[ing] the passage through the wall to accommodate the electrical line." *Id.* at 1047. The fact that "installing a wall clock" may have been used as short-hand for Joblon's work must not be read to indicate that the full description of the work was overlooked. In any event, all facts surrounding the work performed by Joblon leading to his accident were reflected in the Opinion, and the law was applied to those facts.

Plaintiffs suggest that the Court overlooked several cases cited by them in relation to the underlying motion. To the contrary, after fully considering all of the cases on point, and noting that "[a]ll other arguments advanced by the parties have been considered and deemed unpersuasive," *Joblon,* 914 F.Supp. at 1050, the Court noted that "[t]he parties have cited equally persuasive authorities for each categorization" of Joblon's work as repair or maintenance. *Id.* at 1047. All cases offered by the Joblons were considered and none cited by either party was deemed sufficiently close factually to the matter at hand. They were not "ignored" by the Court. Pl.Mem. at 9, 10, 11. Therefore, "Rather than engage in an *ipse dixit* determination, it [was] appropriate to reflect on the underlying purpose of the statute to reach the determination that Joblon's fall from the ladder is not covered." *Id.* Evaluating the facts at hand in full, as noted above, and having determined the cases to provide ample authority for either side's case, the Opinion deemed the work performed by Joblon to be maintenance. Plaintiffs' attempt in their papers here to distinguish the cases favoring Defendants' argument is therefore more appropriate to an appeal than a reargument.

Because the Court did not overlook issues of fact or controlling law in the Opinion, the motion to reargue will be denied.

### The Matter Will Not Be Certified for Interlocutory Appeal

A district court can certify a question for interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As noted above, this case involves a controlling question of law as to which there is substantial ground for a difference of opinion as to their application to the facts at hand. However, the second prong of the test of § 1292(b) is not met, for an appeal would not materially advance the ultimate termination of the litigation. Indeed, the aftermath of an interlocutory appeal would still necessitate a trial in this matter. Issues such as indemnification, contribution, and the special employee status of Mr. Joblon are issues that remain to be tried and that are subject to appeal after trial. Thus, the certification will be denied in the interests of accelerating the disposition of the action.

### Conclusion

For the reasons stated above, the Joblons' motions for reargument and for certification for interlocutory appeal are denied.

It is so ordered.