■ SHARON KLEIN, Appellant, v LOUIS J. FARONE, JR., Defendant and Third-Party Plaintiff, et al., Defendant. DELPHINANCE MANAGEMENT ASSOCIATES-INTERLAKEN, INC., Third-Party Defendant-Respondent. [644 NYS2d 383] —Mercure, J. P.

Plaintiff suffered the injuries forming the basis for this action in a July 1988 accident that occurred in the course of her employment as a trim carpenter on a residential development project undertaken by defendant Interlaken Development Partnership, a partnership of defendant Louis J. Farone, Jr.

and third-party defendant, Delphinance Management Associates-Interlaken, Inc. (hereinafter DMA-Interlaken). Concluding that plaintiff was a special employee of DMA-Interlaken and that Workers' Compensation Law § 11 barred plaintiff's action against that entity and, by operation of agency principles, Farone and the partnership as well, Supreme Court dismissed the complaint and third-party complaint against all of them. Plaintiff now appeals, contending only that there are questions of fact requiring trial on the issue of whether plaintiff was a special employee of DMA-Interlaken. We disagree and accordingly affirm.

The uncontradicted evidence adduced on the summary judgment motion established that DMA-Interlaken was a subsidiary within the Delphinance group of companies established solely to act as the managing general partner of Interlaken Development Partnership, in that role directing the site activities on the Interlaken project. Unquestionably, all employees on the project, including plaintiff, were exclusively supervised and directed in their activities by officers and employees of DMA-Interlaken. Although a separate "payroll" corporation, Delphinance Management Associates, Inc., acted as plaintiff's general employer, the evidence established that it had no role, responsibility or presence on the job site. Under the circumstances, Supreme Court properly concluded that plaintiff was a special employee of DMA-Interlaken and that her proposed action against it was barred by the Workers' Compensation Law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558; *Lesanti v Harmac Indus.*, 175 AD2d 664; *Cameli v Pace Univ.*, 131 AD2d 419). Plaintiff's contrary speculation and conclusions, supported only by an overly technical reading of the evidence submitted in support of the motion, are not persuasive (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.