■ GREGORY LEWIS, Appellant, v SUMMIT OFFICE SUPPLY, INC., et al., Third-Party Plaintiffs-Respondents. MANHATTAN TRANSFER, INC., Third-Party Defendant-Respondent. [647 NYS2d

988] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated March 21, 1995, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the defendants.

On February 16, 1989, the plaintiff, an employee of Manhattan Transfer, Inc. (hereinafter Manhattan Transfer), was injured by a forklift operated by the defendant Vincent Carbone, an employee of the defendant Summit Office Supply, Inc. The plaintiff commenced this negligence action against the defendants, who asserted an affirmative defense that the plaintiff's sole remedy was workers' compensation. The plaintiff moved to dismiss this affirmative defense, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' cross motion finding that Vincent Carbone was a special employee of Manhattan Transfer and, therefore, workers' compensation was the plaintiff's sole remedy.

Given the indicia of control and supervision over the defendant Vincent Carbone exercised by Manhattan Transfer, the Supreme Court properly concluded as a matter of law that the defendant Vincent Carbone was a special employee of Manhattan Transfer (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Hoskins v MIA Assocs.,* 201 AD2d 459). Since Vincent Carbone was a coemployee of the plaintiff, the plaintiff's sole remedy is workers' compensation (*see,* Workers' Compensation Law § 29 [6]). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.