Richard JOBLON and Magdalena Joblon, Plaintiffs,

v.

Sheldon H. SOLOW and Avon Products, Inc., Defendants.

Sheldon H. SOLOW, Third–Party Plaintiff,

v.

GELLER ELECTRIC CONSTRUCTION & MAINTENANCE, INC., Third–Party Defendant.

No. 94 Civ. 0610 (RWS).

United States District Court, S.D. New York.

Nov. 22, 1996.

David P. Kownacki, New York City, for Plaintiffs.

Barry, McTiernan & Moore (Mark P. Hannafey, of counsel), New York City, for Defendant/Third–Party Plaintiff.

McMahon, Martine and Gallagher (Timothy D. Gallagher, of counsel), New York City, for Third–Party Defendant.

LaBrum & Doak (John P. Cookson, of counsel), New York City, for Defendant Avon Products, Inc.

## OPINION

SWEET, District Judge.

Defendants Sheldon H. Solow ("Solow") and Avon Products, Inc. ("Avon") have moved for an order, pursuant to Fed.R.Civ.P. 56, granting summary judgment and dismissing the remaining claims brought against them by Plaintiffs Richard Joblon ("Joblon") and Magdalena Joblon (collectively, the "Joblons").

For the reasons set forth below, Solow's motion will be granted and Avon's motion will be denied.

### The Parties and Prior Proceedings

The nature of the parties, prior proceedings, and facts underlying this action are set forth fully in the prior opinions of this Court, familiarity with which is assumed. *Joblon v. Solow*, 914 F.Supp. 1044 (S.D.N.Y.1996); 921 F.Supp. 218 (S.D.N.Y.1996).

The Joblons' complaint against Solow and Avon was filed on February 1, 1994, alleging diversity jurisdiction and a claim for personal injuries suffered when Joblon fell from a stepladder while working on Solow's property. Solow filed a third-party complaint against Geller Electric Construction and Maintenance, Inc. ("Geller") on June 2, 1994, and on August 8, 1994, Avon filed its cross-claim against Geller.

By opinion dated February 13, 1996, this Court: (1) denied the Joblons' motion for summary judgment declaring Section 240(1) of the Labor Law of the State of New York (McKinney 1986) to apply to their claim for damages arising from an injury suffered by Joblon while working on property owned by Solow and leased by Avon; (2) granted the motion of third-party defendant Geller for summary judgment declaring that Section

240(1) does not apply to the facts of the case; (3) granted Solow's motion for summary judgment for indemnification against Avon, but denied his motion for summary judgment for indemnification against Geller; (4) denied Geller's motion for summary judgment that Joblon, George Schwab ("Schwab"), and Wayne Gordon ("Gordon"), who were all employees of Geller, were "special employees" of Avon; and (5) denied Avon's motion for summary judgment declaring a right to be indemnified by Geller. Plaintiffs' subsequent motion for reargument or certification for interlocutory appeal was denied. *Joblon,* 921 F.Supp. 218.

The remaining causes of action in the Joblons' complaint are grounded in negligence and generic allegations of violations of the New York Labor Law, the Occupational Safety and Health Act and the New York Industrial Code.

Avon filed its instant motion for summary judgment on May 16, 1996. Solow filed his instant motion for summary judgment on May 24, 1996. Oral argument was heard on September 11, 1996, whereupon the matter was deemed fully submitted.

### The Facts

In deciding a motion for summary judgment, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion." *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Cartier v. Lussier,* 955 F.2d 841, 845 (2d Cir.1992). The facts as presented here are construed accordingly and are limited to the decision of these motions.

Joblon is an electrician employed by Geller, which had been Avon's "house electrician" since 1986. As house electrician, Geller performed routine electrical tasks at space leased by Avon in a building owned by Solow. Gordon, a foreman from Geller, was based full-time at Avon at the time of the incident that forms the basis of this action. Schwab and Joblon had been assigned there for ten consecutive working days.

The lease between Avon and Solow contains a clause indemnifying Solow for certain acts committed by Avon and also provides Solow with a right of reentry if Avon fails to make prompt rental payments. The parties have not identified any provisions of the lease that obligate Solow to inspect or maintain the premises.

On January 30, 1992, Joblon was directed by Gordon to install an electric wall clock in the Avon mail room on the twentieth floor, as had been requested by the Avon facilities supervisor. According to Avon's facilities manager, John Granton ("Granton"), a Geller electrician is on the Avon site daily. Granton testified at his deposition that he and two other Avon employees assigned work to Geller electricians, usually through a work order or work ticket, and that Geller electricians could not do work without authorization from Avon. Granton also testified that he or his associates at Avon would be informed of the progress or completion of requested work and would verify its completion. Defendant Solow had no involvement in requesting, supervising or approving the work done by Geller on this occasion, and there is no indication he ordinarily had any such involvement in such work.

From a storeroom within Geller's control, Joblon and Schwab got the equipment necessary to install the clock, including a six- or eight-foot A-frame ladder. Joblon proceeded to a small room adjacent to the mail room in order to run an electrical line from an outlet in that room through the wall to provide electrical power for the clock, which was to be installed on the mail room wall.

The size of the room in which Joblon and Schwab started their work prevented them from fully opening the ladder so that it could support itself in the normal fashion. Instead, the ladder was partially opened and leaned against the wall with the back legs about 30 inches from the wall. During the morning, one of the two men worked while standing on the ladder, while the other remained on the ground and secured the base of the ladder.

In the afternoon, Schwab went to the mail room on the other side of the wall. Joblon ascended the unsecured ladder while Schwab

was out of the room. The ladder shifted, and Joblon fell backwards, sustaining injuries that subsequently required two surgical procedures and extensive medical care. He has alleged a permanent, partial disability and no longer works.

### Discussion

#### I. Standard for Summary Judgment

The instant motion is brought pursuant to Rule 56. The Rule 56 motion for summary judgment is "an integral part" of the Federal Rules of Civil Procedure and facilitates the overall purpose of the Rules as stated in Federal Rule of Civil Procedure 1: namely, "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed.R.Civ.P.; *Silver v. City Univ. of New York,* 947 F.2d 1021, 1022 (2d Cir.1991). If, when "[v]iewing the evidence produced in the light most favorable to the nonmovant ... a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991).

#### II. Solow's Motion for Summary Judgment

##### A. Negligence

■ To establish a *prima facie* case of negligence, a plaintiff must establish that the defendant owed plaintiff a duty of care, that the defendant breached that duty, and that defendant's breach proximately caused plaintiff's injury. *Talbot v. New York Institute of Technology,* 639 N.Y.S.2d 135, 136 (N.Y.App. Div. 2d Dept.1996) (*citing Pulka v. Edelman,* 40 N.Y.2d 781, 782, 390 N.Y.S.2d 393, 358 N.E.2d 1019 (1976)).

■ Defendant Solow moves for summary judgment on the ground that the Joblons cannot make out a *prima facie* case of negligence because the undisputed facts show that Solow played no active role in the events

leading to Joblon's injury. *See Comes v. New York State Elec. & Gas Corp.,* 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993) (owner of premises not liable for actions of contractor, if owner exercises no supervisory control over operation).

The Joblons contend that issues of fact remain with regard to Solow's duty, as owner of the property, to inspect and repair premises that are in a hazardous condition. They contend that the room in which Joblon worked was hazardous because of its size, and that Solow was under a duty to correct the hazardous condition because he reserved a right of reentry in the lease. *See Guzman v. Haven Plaza Hous. Dev. Fund Co.,* 69 N.Y.2d 559, 566–67, 516 N.Y.S.2d 451, 509 N.E.2d 51 (1987) (landlord who reserves right of entry to inspect premises liable for dangerous condition of property).

Plaintiffs' argument is unpersuasive. First, a room's small size, standing alone, cannot be a dangerous condition warranting repair. To the extent the room's size contributed to Joblon's injury, it was only by virtue of the nature of the work being done in it, work which Solow had no part in requesting, supervising or approving.

■ Moreover, Solow's right to reentry does not impose a duty of repair in this case. In contrast to the lease in *Guzman,* which granted the landlord a right of reentry at any time to inspect the premises and to make repairs, 69 N.Y.2d at 566, 516 N.Y.S.2d 451, 509 N.E.2d 51, Solow's right of reentry is limited by the lease to situations in which Avon fails to pay rent promptly. The commercial lease here imposes no duty to inspect the premises or make repairs, and in fact indemnifies Solow for liabilities arising from activities on the leased property. In addition, a landlord out of possession, such as Solow, may not be held liable for a plaintiff's injuries in the absence of specific violations of the administrative code governing the maintenance of safe buildings. *See Velazquez v. Tyler,* 214 A.D.2d 489, 625 N.Y.S.2d 537 (1st Dept.1995); *Santiago v. Port Authority of New York,* 203 A.D.2d 217, 611 N.Y.S.2d 174 (1st Dept.1994). Plaintiffs have not pleaded or demonstrated such a

specific violation. Therefore, Solow may not be held liable in negligence for Joblon's injuries.

### B. Other Causes of Action

Plaintiffs have not specified what sections of the Labor Law, OSHA or the Industrial Code have been violated by Defendants. However, it appears that only Labor Law §§ 241(6) and 200(1) arguably apply.

■ Section 241(6) provides that:

All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such place.

This Court previously ruled that the installation of a clock does not fall within the scope of § 240(1), which covers "erection, demolition, repairing, altering, painting, cleaning or pointing" of a structure. *Joblon,* 914 F.Supp. at 1048. If installation of a clock does not constitute "repairing" or "altering" a building, it certainly does not constitute "construction, excavation or demolition" within the meaning of § 241(6).

■ Section 200 of the Labor Law codifies the common law duty of an owner or general contractor to provide a safe workplace for construction workers. *Comes,* 82 N.Y.2d at 877, 609 N.Y.S.2d 168, 631 N.E.2d 110. Unless the owner exercises supervisory control over the operation, no liability attaches to the owner under the common law or Labor Law § 200. *Id. (citing Lombardi v. Stout,* 80 N.Y.2d 290, 295, 590 N.Y.S.2d 55, 604 N.E.2d 117 (1992)).

■ Here, Solow exercised no supervisory control over the installation of the clock. He did not request the clock's installation, supervise the electrician's work or approve it upon completion. He apparently had no knowledge of this or other activities of Geller. Therefore, there is no basis for liability under § 200.

### III. Avon's Motion for Summary Judgment

#### A. Negligence

■ Like Solow, Avon contends that the Joblons cannot make out a *prima facie* case of negligence. Avon argues that the Joblons can make no showing of active negligence on the part of Avon, and thus cannot establish the elements of breach of duty or causation.

However, a rational trier of fact might find Avon liable for the injury on the ground that they breached a duty to supervise Joblon's work or a duty to control the conditions under which he worked by failing to provide proper equipment or to ensure that greater precautions were taken to prevent the fall.

■ The Joblons and Geller contend that Avon owed Joblon a duty of care and breached that duty because Schwab and Gordon were "special employees" under Avon's exclusive control. If Schwab and Gordon are special employees of Avon, Avon would be liable for their negligence on a *respondeat superior* theory.

■ "[A] special employee is described as one who is transferred for a limited time of whatever duration to the service of another." *Thompson v. Grumman Aerospace Corp,* 78 N.Y.2d 553, 557, 578 N.Y.S.2d 106, 585 N.E.2d 355 (1991). A person's status as a special employee is generally a question of fact for the jury, unless "undisputed critical facts" compel a finding one way or the other. *Id.* As this Court found in its prior opinion, genuine issues of material fact with regard to special employment status preclude summary judgment on this issue. *Joblon,* 914 F.Supp. at 1048–49, 1050. Avon retained Geller on a long-term basis, initiated and authorized all electrical work done by Geller, verified completion of the work, and had at least awareness of and opportunity to supervise work by Geller electricians. Moreover, Gordon was based full-time at Avon, while Schwab and Joblon had been assigned there for ten consecutive working days.

■ Avon, however, has advanced the contention that if Joblon and his co-workers at Geller are found to be "special employees" of Avon, then Joblon's claim would be pre-

cluded by the worker's compensation statute. If Joblon is a special employee of Avon, and Avon's employees or special employees caused his injury, his exclusive remedy would be workers' compensation. *See* New York Workers' Compensation Law §§ 11, 29(6); *Lewis v. Summit Office Supply, Inc.,* 647 N.Y.S.2d 988, 989 (App.Div.2d Dept.1996); *Klein v. Farone,* 644 N.Y.S.2d 383, 383 (App. Div.3d Dept.1996). However, a jury could conclude that Gordon, who worked full-time at Avon and appears to have received work assignments directly from Avon, was a special employee of Avon, but that Joblon, who had not been at Avon as long and did not receive work assignments directly from Avon, was not. Under these circumstances, if the jury found that Gordon negligently supervised the installation of the clock, Avon would be liable on a *respondeat superior* theory for Gordon's actions, but Joblon would not be an Avon employee, and thus his action would not be barred by the workers compensation laws. *Cf. Gonzalez v. John B. Lovett Assoc, Ltd.,* 644 N.Y.S.2d 249, 250 (App. Div.1st Dept.1996) (Workers Compensation Law does not bar claim when defendant has failed to demonstrate that plaintiff is its special employee).

 Moreover, Avon may be liable to Joblon even if Schwab and Gordon are not "special employees." An owner or lessee of premises, such as Avon, has no liability for actions of a contractor if the owner exercises no supervisory control over the operation. *Comes,* 82 N.Y.2d at 877, 609 N.Y.S.2d 168, 631 N.E.2d 110. Here, a reasonable trier of fact could conclude that Avon exercised sufficient supervisory control over the installation of the clock to give rise to liability. Avon not only exercised control over the premises, but requested and authorized the job that resulted in the fall (presumably with some knowledge of the need to use a ladder and of the constrained space in which the work was to be done).

Thus, summary judgment is inappropriate with respect to Joblon's negligence claim against Avon.

### B. *Other Causes of Action*

As discussed in II.B above, Plaintiffs' only other viable claims appear to be under Labor Law §§ 200(1) and 241(6).

Inasmuch as § 200 codifies the common law duty of an owner or tenant, summary judgment is inappropriate for the reasons set forth in the preceding section.

As for a claim under § 241(6), this Court has already determined that Joblon's installation of the clock does not constitute "construction, excavation or demolition" within the meaning of the statute. Therefore, any claim under § 241(6) is dismissed.

### Conclusion

For the reasons set forth above, Solow's motion for summary judgment is hereby granted and the complaint against him is dismissed. Avon's motion for summary judgment is hereby denied.

It is so ordered.