■ LEON HOLT et al., Respondents, v WELDING SERVICES, INC., et al., Appellants. WELDING SERVICES, INC., Third-Party Plaintiff, v COOPERHEAT, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. LEON HOLT et al., Respondents, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. [694 NYS2d 638] —Judgment, Supreme Court, New York County (Stuart Cohen, J., at jury trial and decision on posttrial motions; Stephen Crane, J., pursuant to CPLR 9002), entered March 30, 1998, upon a jury verdict finding Welding Services, Inc. (WSI), Bechtel, and Cooperheat, respectively, 17.5%, 17.5% and 65% liable, and awarding Leon Holt $2,500,000: $250,000 for past pain and suffering; $400,000 for future pain and suffering (40 years); $350,000 for past lost earnings; and $1,500,000 for future lost earnings (25 years), and plaintiff Kathy Holt $100,000 for loss of consortium, reversed, on the law and the facts, without costs, the judgment vacated, the complaint, third-party complaint and cross-claims dismissed as against Bechtel, and the matter remanded for a new trial, as to liability and damages, and a hearing to determine the amount of attorneys' fees and costs owed Bechtel by WSI. The Clerk is directed to enter judgment in favor of defendant-appellant Bechtel Construction Corp., dismissing the complaint, third-party complaint and cross-claims as against it.

In February 1990, Consolidated Edison (Con Ed) had contracted with Welding Services, Inc. to inspect and repair the welds of its nuclear steam generator at its Indian Point Nuclear Plant. WSI, in turn, contracted with Cooperheat to preheat the generators, a process required before WSI could weld, and with Bechtel to build scaffolding around the generators. Plaintiff, an employee of Cooperheat, Inc., was injured while working from one of the scaffolds and commenced this Labor Law § 240 (1) action against WSI, Con Ed and Bechtel; WSI commenced the third-party action against Cooperheat and Bechtel, seeking common law indemnification. Cross-claims were also filed.

In our view, a new trial is warranted here as to both liability and damages. The trial court erred in directing a verdict against defendants as to their Labor Law § 240 (1) liability. There were questions of fact based upon conflicting testimony as to how plaintiff's accident occurred, as well as based upon plaintiff's credibility, that should have gone to the jury, since a directed verdict is only appropriate "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the non-moving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556). First, there were questions of fact as to whether the subject incident constituted an elevation-related injury caused by a defect in the statutorily-prescribed safety equipment (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501). Plaintiff testified that he fell three feet through a gap in the scaffold platform; the key defense witness, who conceded that he did not know how the accident occurred, contended that he saw plaintiff fall *on* the scaffold platform, which would not be actionable (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501). There was further testimony that the scaffold construction crews at the facility never left gaps in the scaffold platforms and that no complaints were received about such gaps. Given plaintiff's testimony that immediately before his fall, he was walking backward, installing the banding material without looking behind him, a jury could have concluded that he was injured by tripping on the platform or by stepping off the side of a properly erected scaffold platform. Another issue for the factfinder was the credibility of plaintiff's version concerning the occurrence of the accident. This results from the circumstance that only plaintiff had knowledge of what happened but did not report the accident, thereby precluding an investigation of the scaffold's condition at the time of the accident.

The damages awarded by the jury for past and future lost earnings deviate materially from what is reasonable compensation under the circumstances and are unsupported by the evidence even by plaintiff's reckoning. The award for past lost earnings, $50,000 for seven years ($350,000), was speculative inasmuch as the most plaintiff ever earned prior to the accident was $22,252 per year, and his allegations regarding expected earnings and purported higher earnings were unsupported by the evidence. The award for future lost earnings, $60,000 per year for 25 years ($1.5 million), was also apparently based on speculation, since it did not take into account that plaintiff was only partially disabled according to both

sides' medical experts, and that the amounts of his maximum earnings before and after his injury were only $22,252 and $16,500, respectively.

The trial court erred in denying Bechtel's post-trial motion to dismiss all claims and cross-claims made against it, after the jury found the Bechtel employees to be special employees of WSI. Such finding placed the responsibility for any liability of a Bechtel employee herein on WSI, under the doctrine of respondeat superior (*Joblon v Solow*, 945 F Supp 734, 739, *vacated in part and affd in part* 152 F3d 55), precluded any finding of active negligence on the part of Bechtel, and required that the percentage of liability apportioned to Bechtel be attributed to WSI. Thus the complaint should have been dismissed as against Bechtel because Labor Law § 240 (1) did not apply to it where it was, in effect, a subcontractor without authority to supervise and control the work (*see, Brown v Two Exch. Plaza Partners*, 146 AD2d 129, 136, *affd* 76 NY2d 172). Contrary to the trial court's finding, there was no evidence in the record to support the conclusion that the Bechtel employees were negligent in selecting scaffolding materials, which in any event were provided by codefendant Con Ed. The trial court should have also granted Bechtel indemnification under the hold harmless clause of its agreement with WSI. That clause was not proscribed by General Obligations Law § 5-322.1, which only bars indemnity agreements seeking to "unfairly impos[e] liability on a contractor or subcontractor for the fault of others over whom it had no control" (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180). Consequently, WSI should be held liable to Bechtel for its attorneys' fees and costs incurred in this action.

The parties' remaining contentions need not be addressed in view of our disposition of this matter, and, in any event, would not warrant affirmative relief. Concur—Sullivan, J. P., Williams, Andrias and Friedman, JJ.

Rubin, J., dissents in part in a memorandum as follows: I agree that this case presents a question with respect to liability, specifically whether plaintiff's injuries were the result of a gravity-related hazard, as contemplated by Labor Law § 240 (1). I further agree that the jury's award for past and future lost earnings is unrealistically predicated on a brief period during which plaintiff worked 13-hour days, seven days a week. However, it is unnecessary to require the parties to retry the damages aspect of the case (*Gonfiantini v Zino*, 184 AD2d 368, 370, citing *Schabe v Hampton Bays Union Free School Dist.*, 106 AD2d 418, 432).

Because it is not clear whether plaintiff fell from the scaffold or merely fell on the scaffold, Supreme Court erred in directing judgment on the issue of liability and submitting only the question of damages to the jury. However, there is no disagreement concerning the award for past and future pain and suffering. The award for past and future lost earnings can be easily amended and the matter remanded for a trial as to liability only (*Parsons v City of New York*, 195 AD2d 282).

As plaintiff concedes, his past lost earnings over seven years should be calculated at $22,252 per year, representing the maximum amount he earned in any given year, or $155,764, less $77,000, representing the amount he earned in the seven years after the accident, for a total award of $78,764. As for future lost earnings, the jury failed to take into account that plaintiff's disability is only partial, as both medical experts testified, and that plaintiff concedes that he is capable of working and, indeed, has worked since the accident. The difference between plaintiff's maximum annual earnings shortly before injury, $22,252 (*Marmo v Southside Hosp.*, 143 AD2d 891), and after the accident, $16,500, is $5,752, which, multiplied by a remaining 25-year working life, yields $143,800.

Accordingly, this matter should be remanded for trial as to liability only and, in the event of a verdict for plaintiff, the awards for past and future lost earnings should be reduced to $78,764 and $143,800, respectively.