■ Robert Michaels, Appellant, v United States Tennis Association, Inc., et al., Respondents. [726 NYS2d 257] —Order and judgment (one paper), Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered June 23, 2000, which, *inter alia*, upon the prior grant of defendants' motion to set aside the jury verdict to the extent of unconditionally reducing the jury's award of damages for past and future lost earnings to $120,000 and $140,000, respectively, and unconditionally reducing the jury's award of damages for past and future pain and suffering, to $350,000 and $250,000, respectively, awarded plaintiff damages for lost earnings and pain and suffering in the aforementioned reduced amounts, unanimously modified,

on the law and the facts, to vacate the reduced awards and to direct a new trial solely on the issue of damages for past and future lost earnings and past and future pain and suffering, and otherwise affirmed, without costs, unless, within 30 days of service of this order with notice of entry, plaintiff stipulates to reduced awards of $550,000 for past pain and suffering, $350,000 for future pain and suffering, $120,000 for past lost earnings, and $140,000 for future lost earnings, and to entry of an amended judgment in accordance therewith.

As conceded by defendants, it was error for the trial court to reduce the verdict unconditionally, rather than directing a new trial on the issue of damages only unless plaintiff stipulated to the reduced amount (*Bensalem v Royal-Pak Sys.*, 228 AD2d 363). However, the trial court reductions in the awards for lost earnings comport with the record. The jury's award for lost earnings was not supported by the trial evidence, which revealed that plaintiff's work production had steadily declined in the years preceding the accident (*see, Holt v Welding Servs.*, 264 AD2d 562, *lv dismissed* 94 NY2d 899; *Toscarelli v Purdy*, 217 AD2d 815). The trial court's awards for past and future pain and suffering deviate from what is reasonable compensation under the circumstances to the extent indicated. Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.