OPINION OF THE COURT
Jasen, J.
These appeals arise out of construction site accidents involving workmen injured as a result of alleged violations of Labor Law § 240.
In Bland v Manocherian, plaintiff sustained injuries while *457 working on an apartment building owned by defendants who had hired third-party defendant, plaintiff’s employer, to make certain alterations. Plaintiff fell through a fourth story window when the ladder upon which he was standing suddenly collapsed beneath him. Plaintiff and his spouse brought this action under Labor Law § 240 seeking damages resulting from a construction accident.
At the first trial, the court refused to charge that improper placement of the ladder constituted a violation of the statute on the part of defendants, but the jury, nonetheless, returned a verdict for both plaintiffs finding, in its answers to interrogatories, that defendants had violated Labor Law § 240 by failing to provide plaintiff with a safety belt. On appeal, the Appellate Division reversed and ordered a new trial on the ground that the court had erred in instructing the jury that a safety belt was a necessary "device”, under the circumstances, as a matter of law, regardless of industry custom and practice.
At the second trial, plaintiff testified that a co-worker had brought the ladder furnished by third-party defendant employer into the apartment, that plaintiff himself positioned the ladder "sideways” to and several inches from the window, and that, as he stood on the ladder removing the window sashes, the ladder collapsed and folded beneath him, causing him to fall through the window. The jury returned a second verdict in plaintiffs’ favor, having unanimously answered the court’s special verdict questions as follows:
"1. Did the accident happen substantially in the manner claimed by plaintiff?
"Answer: Yes.
"2 Was the ladder defective?
"Answer: No.
"2 (a) If the answer to two (2) is yes, was the defect a proximate cause of the accident?
"Answer:
"3. Was the ladder placed so as to give proper protection to the plaintiff?
"Answer: No.
"3 (a) If the answer to three (3) is no, was the improper placement of the ladder a proximate cause of the accident?
"Answer: Yes.”
Thereafter, the court directed a verdict for defendants owners against third-party defendant employer and, upon the *458 latter’s motion, reduced plaintiffs’ damages. On cross appeals, the Appellate Division modified by ordering a new trial on the issue of damages unless plaintiffs consented to accept the verdicts as reduced by the trial court.
In Wright v State of New York, claimant was injured while working on a construction project in Allegany State Park. He was working in a sitting position on a so-called "carpenter’s bracket scaffold” which he and a co-worker had erected. When claimant attempted to stand, as was necessitated by the project, he lost his balance and fell approximately seven feet to the ground. At the time of the accident, the scaffold had in place only one, of two, 12-inch-wide planks for use as a standing platform, and neither a guardrail nor other protective device had been installed to prevent such a fall.
Claimant and his spouse brought this action under Labor Law §§ 240 and 241, alleging the State’s failure, as owner of the project site, to provide a safe place to work. The Court of Claims found that the scaffold did not give "proper protection” to claimant, that "considering the scaffold’s height and narrow width, there was a clear danger of injury if some protective devices were not provided”, and that the absence of "safety railings * * * was a substantial factor in causing the injuries”. Nevertheless, the court held that the Labor Law provisions in question did not impose absolute liability on the owner of the work site under such facts, but, instead, required the court to determine the extent to which the claimant himself contributed to the accident. The court found that the claimant’s share of responsibility for the accident was 50% and that he was, therefore, entitled to recovery of only half the damages he sustained.
On appeal, the Appellate Division modified, finding that the lack of guardrails or other protective devices was a failure to give "proper protection” under Labor Law § 240 (1), and was a proximate cause of the accident. The court held that comparative negligence is irrelevant under that statutory provision and, consequently, that the State was liable for the full amount of claimant’s damages.
On appeal to this court, the owner of the premises in the Bland v Manocherian case argues that there was no actionable violation of Labor Law § 240 (1) and, even if there were, that the jury’s finding of improper ladder placement should bar recovery for plaintiffs because the statute was not designed to insure a worker against his own avoidable fault.
*459 In Wright v State of New York, the State argues that Labor Law § 240 does not apply to the facts of this case as there was no evidence offered as to the propriety or impropriety of the use of guardrails in connection with a carpenter’s bracket scaffold at a height of seven feet. Where a scaffold is adequately constructed, the State claims, height alone determines the need for the guardrails as the statute specifically requires such guardrails only when scaffolds exceed 20 feet.
Recently, this court held in Zimmer v Chemung County Performing Arts (65 NY2d 513) that Labor Law § 240 (l)[1] imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure. It was noted that the legislative purpose of Labor Law §§ 240 and 241 was to place " 'ultimate responsibility for safety practices at building construction jobs . where such responsibility actually belongs, on the owner and general contractor’ ” (id., at p 520, quoting 1969 NY Legis Ann, at 407), and that the statutory provisions were " 'to be construed as liberally as may be for the accomplishment of the purpose for which [they were] thus framed’ ” (id., at p 521, quoting Quigley v Thatcher, 207 NY 66, 68). Finally, the majority in Zimmer explained that once it is determined that the owner or contractor failed to provide the necessary safety devices required to give a worker "proper protection”, absolute liability is "unavoidable” under section 240 (1), as well as under the first five subdivisions of section 241, regardless of the injured worker’s own negligence in contributing to his accident (id., at pp 521-522). This interpretation of the statutory provisions is now binding precedent upon the entire court. (Foss v City of Rochester, 66 NY2d 872].)
Application of the foregoing requirements enunciated in Zimmer presents little difficulty in the two appeals before us. In Bland v Manocherian, there are affirmed findings of fact *460 that the ladder from which plaintiff fell was not "placed so as to give proper protection” and that the improper placement was a proximate cause of the accident. These findings are supported by legally sufficient evidence in the record. There was testimony at trial explaining the manner in which old windows were removed and replaced with new ones. Specifically, there was testimony by the job foreman that pressure would have to be applied to the sashes and, at the same time, the windows forcibly twisted loose, all while plaintiff was standing on a ladder. There was further testimony from the job foreman that the floor upon which the ladder was placed was bare, highly polished and shiny. Additionally, plaintiff testified that the ladder, which he had positioned sideways, approximately six inches from the window, fell from beneath him as he was pushing against the sash of that window. Finally, there was also testimony by the job foreman that no safety equipment, safety belts, hard hats, scaffolding or anything else, was used to protect plaintiff from falling through the fourth floor window or to secure the ladder to insure that it remained steady and erect while plaintiff was applying pressure to that window.
The jury was clearly entitled to find that, under the circumstances, defendants failed to satisfy the responsibilities imposed by section 240 (1) in that they had not "erected” or "placed” the ladder from which plaintiff fell in such a manner, or with such safeguards, as necessary to provide plaintiff with "proper protection” while he was working on defendants’ building.[2] Consequently, regardless of any carelessness on plaintiff’s part which might also have contributed to his fall, defendants were properly held absolutely liable for the full extent of the damages proximately resulting from the improper placement of the ladder.
This court’s decision in Long v Forest-Fehlhaber (55 NY2d 154) is inapposite. In that case, we held that a violation of Labor Law § 241 (6) does not constitute negligence as a matter of law resulting in absolute liability because "subdivision 6 does no more than broadly provide” that the work area " 'provide reasonable and adequate protection and safety.’ ” (Id., at p 160.) We explicitly contrasted section 240 and the *461 first five subdivisions of section 241 which set forth more specific requirements, where the failure to comply automatically renders the owner or contractor absolutely liable without regard to the worker’s own negligence. (Id,., at p 160; see also, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521-522, supra.)
Similarly, a diminishment of defendants’ liability under the doctrine of comparative causation as applied by this court in Arbegast v Board of Educ. (65 NY2d 161) is inapplicable here. The policy purpose underlying Labor Law § 240 is to impose a "flat and unvarying” duty upon the owner and contractor despite any contributing culpability on the part of the worker. (Zimmer v Chemung County Performing Arts, supra, at p 521.) In Arbegast, we specifically recognized that the diminishment of liability by a comparative evaluation of the injured party’s culpability would, indeed, be disallowed where thus proscribed by public policy. (Arbegast v Board of Educ., supra, at p 170; cf. Rosado v Proctor & Schwartz, 66 NY2d 21.)
In Wright v State of New York, both courts below found that the absence of guardrails or other protective devices resulted in a denial of proper safety protection to claimant while he was working on the scaffold and, in turn, that this absence was a proximate cause of claimant’s fall to the ground below. Notwithstanding that section 240 (2) specifically requires guardrails only where the scaffold is more than 20 feet high, the general standard of section 240 (1), as correctly applied by the Appellate Division, requires that scaffolding be so constructed and erected as "to give proper protection” to the worker, without regard to height. In other words, Labor Law § 240 (1) mandates guardrails on scaffolds less than 20 feet in height wherever a risk is posed to a construction worker so as to require guardrails to provide such worker with "proper protection”. Under the circumstances here, the courts below agreed, as a question of fact, that the scaffolding should have been equipped with railing or other safety device to provide the necessary protection to the worker.[3] Conse *462 quently, claimant’s own negligence being inapplicable under section 240 (1), the State was properly held absolutely liable for the full extent of the damages proximately caused by the absence of guardrails or other safety device to prevent a fall from the scaffold.
We have examined the State’s contentions regarding the derivative claim and find them to be without merit.
Accordingly, in each case, the order of the Appellate Division should be affirmed, with costs.

. Labor Law § 240 (1) provides in pertinent part: "1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.” (Emphasis added.)

. Indeed, this court noted in somewhat similar respects in Zimmer that "[ljadders were present at the worksite, but none had been erected for plaintiffs specific task.” (65 NY2d, at p 519.) Absolute liability was imposed under Labor Law § 240 (1) even though a factual question was raised as to whether other safety devices were necessary or even feasible.

. We disagree with the dissenter that safety rails are not required unless the scaffolding is more than 20 feet above the ground. Rather, we believe that the Legislature has mandated safety rails and whatever "other devices” are necessary to protect the worker regardless of the height at which he is working above the ground. Section 240 (1) expressly requires, without any height limitation or other qualification, that "scaffolding * * * and other devices * * * be so constructed * * * as to give proper protection.”