■ JOHNNIE W. PEEVEY et al., Appellants, v IZELLE BURGESS, Respondent and Third-Party Plaintiff. SHARROW FORD, INC., Third-Party Defendant-Respondent. [596 NYS2d 250] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: On the morning of November 12, 1987, defendant drove his pickup truck to Sharrow Ford, Inc. (Sharrow) for service. Defendant, a tobacco chewer, had attached a homemade spittoon to the emergency brake release handle under the dashboard of the truck. That morning the spittoon contained about six ounces of spit. After Sharrow mechanic Robert Shaff completed his work on the truck's alignment, he opened the driver's door to get a better view as he backed the truck off the service ramp. Shaff shifted the truck into reverse and bent to find the emergency brake release. When he pulled the handle and released the brake, the brake pedal popped up and struck the spittoon, spraying its contents into Shaff's face. As a result, Shaff's eyes burned and he became disoriented, lost control of the truck and fell out. Defendant's truck continued down the ramp and struck a vehicle being repaired by plaintiff Johnnie W. Peevey, a Sharrow employee, causing serious injury. Defendant acknowledged that, when the emergency brake was released, the brake pedal would spring up and strike the spittoon, ejecting its contents. Defendant stated that, because that occurred, he "paid attention" when he released the emergency brake.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. To establish a prima facie case, plaintiff must show that defendant's conduct was a substantial cause of the event that resulted in the injury and that the conduct created a danger of foreseeable harm (see, Fisher v Kavoussi, 90 AD2d 597, 598; Greaves v

*Bronx Y.M.C.A.,* 87 AD2d 394, 399). "Whether a breach of duty has occurred * * * depends upon whether the resulting injury was a reasonably foreseeable consequence of the defendant's conduct" *(Danielenko v Kinney Rent A Car,* 57 NY2d 198, 204; *see also, Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344, *rearg denied* 249 NY 511). It is not necessary, however, for plaintiff to establish that the precise manner in which the accident occurred was foreseeable *(see,* Restatement [Second] of Torts § 435 [2]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Questions concerning foreseeability and proximate cause are generally questions for the jury *(see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 329, *rearg denied* 77 NY2d 990; *Kriz v Schum,* 75 NY2d 25, 34; *Derdiarian v Felix Contr. Corp., supra).* Here, we cannot say, as a matter of law, that it was not reasonably foreseeable that defendant's conduct in placing a spittoon above the emergency brake pedal, with the knowledge that its contents would be ejected on the driver when the brake was released, could cause a driver to lose control of the vehicle and be a proximate cause of injury to a third party. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Lawton and Davis, JJ.