■ Dale S. MacNair et al., Appellants, v Larry Salamon et al., Respondents. Larry Salamon, Third-Party Plaintiff-Respondent, v Dragonwick, Ltd., Third-Party Defendant-Respondent. Larry Salamon, Second Third-Party Plaintiff-Respondent, v A&N Electrical Contracting, Inc., Second Third-Party Defendant-Respondent. [606 NYS2d 152] —Order of Supreme Court, New York County (Carol E. Huff, J.), entered May 5, 1992, which denied plaintiffs' motion for, *inter alia,* a new trial or in the alternative for a judgment in plaintiffs' favor notwithstanding the verdict, unanimously reversed, on the law and the facts, in the exercise of discretion, without costs, and the plaintiffs' motion is granted insofar as to grant plaintiffs a judgment on the issue of liability and the matter is remanded for a new trial solely on the issue of damages.

Plaintiff, an electrician's helper, was injured when he fell

from a ten foot "A" frame ladder while attempting to push a wire "snake" through a conduit pipe while the electrician waited for it in another part of the building. The only witness to the accident was the plaintiff himself. He testified that he fell when the ladder, which was not secured in any way and did not have any rubber shoes or pads on the bottom, simply slipped out from under him. It was admitted by plaintiff at trial that the ladder was in "good shape", that the ground was level and that there was a chain available which had been used to secure the ladder from theft at the location where it was stored overnight.

Only plaintiffs' cause of action pursuant to Labor Law § 240 (1) was submitted to the jury. The jury made three requests for further instructions regarding the applicability of Labor Law § 240 (1). Ultimately the jury determined that there was no violation of Labor Law § 240 (1) and returned a verdict in favor of the defendants. The trial court thereafter denied the plaintiffs' motion to set aside the verdict and for a new trial or in the alternative for a judgment notwithstanding the verdict.

It is well settled that the failure to secure a ladder to insure that it remains stable and erect while the plaintiff was working on it constitutes a violation of Labor Law § 240 (1) as a matter of law (Fernandez v MHP Land Assocs., 188 AD2d 417, 418, citing Bland v Manocherian, 66 NY2d 452; Haimes v New York Tel. Co., 46 NY2d 132). Here the record shows that it was not disputed that the ladder was not secured in any way and did not have any nonskid devices on its feet. The availability of material or devices which could have been used to secure the ladder somewhere at the worksite does not establish that the plaintiff was provided with " 'proper protection' " in satisfaction of the defendants' responsibilities under the statute (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524, rearg denied 65 NY2d 1054; Bland v Manocherian, supra). Consequently, there was no rational process by which the jury could have found that there was no violation of Labor Law § 240 (1).

The trial court's conclusion in its memorandum decision that the plaintiff gave more than one version of how the accident happened was based on notations made on "C-4" workers' compensation reports that were not relevant to the injured plaintiff's diagnosis or treatment. Moreover, plaintiff denied making the statements sought to be attributed to him in the reports, and the physician that signed the reports indicated that he did not take the plaintiff's history. Defendants failed to establish any foundation for the admission of

the documents and in fact failed to provide any admissible evidence connecting the plaintiff to the statements. The reports were clearly inadmissible (CPLR 4518; *Williams v Alexander,* 309 NY 283; *Echeverria v City of New York,* 166 AD2d 409; *Gunn v City of New York,* 104 AD2d 848, 849).

Therefore, the only evidence available regarding the proximate cause of the accident is the injured plaintiff's own uncontroverted testimony that the ladder slipped out from under him. There is no view of that evidence by which a jury could reasonably find that the failure to secure the ladder was not the proximate cause of the plaintiff's injuries *(cf., Fernandez v MHP Land Assocs., supra; Sardella v City of Schenectady,* 193 AD2d 914). Given that the violation of Labor Law § 240 (1) was unquestionably the proximate cause of plaintiff's injuries in this case, the trial court should have properly directed a verdict in plaintiffs' favor on the issue of liability *(Zimmer v Chemung County Performing Arts, supra,* at 524; *Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Any other conclusion in this case regarding proximate cause would necessarily require a consideration of the injured plaintiff's culpability not available under Labor Law § 240 (1). It is by now well settled that a diminishment of the defendants' liability under the doctrine of comparative causation is inapplicable in cases involving a violation of Labor Law § 240 (1) *(Bland v Manocherian, supra).* "The policy purpose underlying Labor Law § 240 is to impose a 'flat and unvarying' duty upon the owner and contractor despite any contributing culpability on the part of the worker" *(supra,* at 461, quoting *Zimmer v Chemung County Performing Arts, supra,* at 521). This case is distinguishable from those such as *Zeitner v Herbmax Sharon Assocs.* (194 AD2d 414). There plaintiff testified that a gust of wind caused him to fall while he was on the ladder holding a storm window in both hands. This Court concluded based on that testimony that, "since there [was] no evidence that the placement or positioning of the ladder caused plaintiff to fall, there [were] unresolved material issues of fact with regard to the proximate cause of the accident" *(supra).* In this case there was no evidence of any intervening cause such as a gust of wind and plaintiff's uncontroverted testimony was that the ladder slipped out from under him.

Finally, we find the argument advanced by defendant-respondent A&N Electrical regarding the appealability of the order appealed to be meritless. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.