[632 NYS2d 898]

RUSSELL S. WALTON, JR., Appellant, v DEVI CORPORATION, Doing Business as BEST WESTERN MONTICELLO, et al., Respondents. (And Two Third-Party Actions.)

Third Department, November 2, 1995

## APPEARANCES OF COUNSEL

*DeGraff, Foy, Holt-Harris, Mealey & Kunz,* Albany *(George J. Szary* and *Christopher Massaroni* of counsel), for appellant.

*McCabe & Mack,* Poughkeepsie *(Paul Caltagirone* and *Arthur J. Doran, III,* of counsel), for Devi Corporation, respondent.

*Levene, Gouldin & Thompson,* Binghamton *(Cynthia Ann K. Manchester* of counsel), for Berenson Pari-Mutuel of New York, Inc., respondent.

*Kornfeld, Rew, Newman & Ellsworth,* Suffern *(William S. Badura* of counsel), for Roy Howard & Associates, respondent.

## OPINION OF THE COURT

WHITE, J.

Defendant Devi Corporation (hereinafter Devi) owns the Best Western Motel located in the City of Monticello, Sullivan County. In late 1989, Devi entered into an oral contract with third-party defendant Krum & Sons, Inc. (hereinafter Krum), plaintiff's employer, for the removal of trees that were obscuring the motel's sign that was located across the street from the motel on property owned either by defendant Berenson Pari-Mutuel of New York, Inc. (hereinafter Berenson) or defendant Roy Howard & Associates (hereinafter Howard). Krum began the project, which consisted of cutting down trees and feeding the branches and other brush into a wood-chipping machine, in late December 1989. Plaintiff was injured on January 2, 1990 when, as he was bending to move a log, he was struck in the right eye by a wood chip believed to have been thrown by the wood-chipping machine. As the result of the injury, plaintiff lost the sight in his right eye.

Subsequently, he commenced this personal injury action against Devi, Berenson and Howard, alleging that he was not provided with protective eyewear in violation of Labor Law §§ 200 and 241 (6). Following discovery, defendants moved for summary judgment dismissing the complaint and all cross claims. Supreme Court granted the motions, prompting this appeal, as limited by plaintiff's brief, from that portion of Supreme Court's order dismissing the Labor Law § 241 (6) cause of action.

That statute requires contractors and owners "to provide reasonable and adequate protection and safety" to employees working in "[a]ll areas in which construction, excavation or

demolition work is being performed". Although the scope of the statute is not limited to building sites (see, *Mosher v State of New York,* 80 NY2d 286, 288), liability will not be imposed unless the plaintiff's injury results from an accident in which construction, demolition or excavation work was being performed (see, *Dumoulin v Oval Wood Dish Corp.,* 211 AD2d 883, 884; *Houde v Barton,* 202 AD2d 890, 895, *lv dismissed* 84 NY2d 977).

Our consideration of the issue of whether plaintiff's injury arose from a construction accident begins with 12 NYCRR 23-1.4 (b) (13), where "[c]onstruction work" is defined as "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures * * * and includes, by way of illustration * * * the work of * * * land clearing".

Even though this is a broad definition, such activities as moving a printing press out of a sixth floor window and onto a truck in the street below (see, *Vilardi v Berley,* 201 AD2d 641, *lv denied* 83 NY2d 760), the harvesting of standing timber purely for the purpose of its sale as lumber or firewood (see, *Dumoulin v Oval Wood Dish Corp., supra),* the repair of an overland conveyor (see, *Houde v Barton, supra),* the cutting down of trees along public ways (see, *Adkins v Trezins,* 920 F2d 164, 166; *Seaman v Chance Co.,* 197 AD2d 612, *appeal dismissed and lv dismissed* 83 NY2d 847), the loading of connecting rods removed from a compressor located in the defendant's plant onto a truck (see, *Vincent v Dresser Indus.,* 172 AD2d 1033, *lv denied* 78 NY2d 864), the installation of an antenna on the roof of a building (see, *Kesselbach v Liberty Haulage,* 182 AD2d 741) and changing lightbulbs (see, *Giambalvo v National R. R. Passenger Corp.,* 850 F Supp 166, 170) have been found not to be encompassed within it.

On the other hand, the definition has been satisfied where the plaintiff was engaged in moving multiton deionization tanks preparatory to installing them in a building, a project entailing the removal of walls and their reconstruction once the installation was completed (see, *Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79), the installation of a transformer on a utility pole (see, *Salzler v New York Tel. Co.,* 192 AD2d 1104, 1105), the removal of a component of a paper machine which involved substantial work on the building in which the machine was located (see, *Lozo v Crown Zellerbach Corp.,* 142 AD2d 949, 950), the removal of trees for the purpose of creating storage space for bleachers (see, *Nagel v*

*Metzger,* 103 AD2d 1, 8) and working on an unshored trench as part of the installation of a sanitary sewer system *(see, Page v State of New York,* 56 NY2d 604).

These latter cases are distinguishable from the former in that the work the plaintiffs were engaged in affected the structural integrity of the building or structure or was an integral part of the construction of a building or structure, whereas in the former cases the plaintiffs were engaged in work that neither affected the structural integrity of a building or structure nor involved their construction.

In this case, plaintiff's work falls outside the definition of construction work as it did not involve the construction of the sign nor affect its structural integrity in any respect *(see, Malczewski v Cannon Design,* 125 AD2d 941, 942). Further, it was not an integral part of the construction of the motel since the uncontroverted proof shows that the motel was completed before the parties entered into the contract for the tree removal project. Thus, we find that Labor Law § 241 (6) is inapplicable *(see, Callari v Pellitieri,* 130 AD2d 935, 936; *Jaroszewicz v Facilities Dev. Corp.,* 115 AD2d 159, 160). In our view, this holding is in accord with the legislative purpose of Labor Law § 241 (6) which is to protect workers involved in building construction rather than those, like plaintiff, engaged in routine maintenance work *(see, Jock v Fien,* 176 AD2d 6, 9, *mod* 80 NY2d 965).

For these reasons, we affirm.

CARDONA, P. J., MERCURE and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.