■ Nicholas Zgoba et al., Respondents, v Easy Shopping Corp., Defendant and Third-Party Plaintiff-Appellant-Respondent, and B.B.Y. Fulton Corp., Respondent-Appellant. Wells Fargo Alarm Service, Third-Party Defendant-Respondent-Appellant. (And Other Third-Party Titles.) [667 NYS2d 426] —In an action to recover damages for personal injuries, etc., (1) the defendants Easy Shopping Corp., d/b/a Easy Fashions, and Easy Fashion, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated March 13, 1996, as denied their motion for summary judgment dismissing the plaintiffs' cause of action based on Labor Law § 240 insofar as asserted against them, and, upon searching the record, granted partial summary judgment to the plaintiffs and against them on the issue of liability pursuant to Labor Law § 240 (1), and the defendant B.B.Y. Fulton Corp. cross-appeals from so much of the same order as denied its motion for summary judgment on its

cross claims asserted against the defendants Easy Shopping Corp., d/b/a Easy Fashions, and Easy Fashion, Inc., *inter alia,* for indemnification, and the third-party defendant Wells Fargo Alarm Service separately appeals from so much of the same order as, upon searching the record, granted partial summary judgment to the plaintiffs and against the defendants Easy Shopping Corp., d/b/a Easy Fashions, and Easy Fashion, Inc., on the issue of liability pursuant to Labor Law § 240 (1), and denied its motion for summary judgment dismissing the third-party complaint asserted against it by the latter defendants to recover against it on the theory of contractual indemnification, and (2) the defendants Easy Shopping Corp., d/b/a Easy Fashions, and Easy Fashion, Inc., appeal, as limited by their brief, from so much an order of the same court, dated August 9, 1996, as, upon granting the motion of the defendant B.B.Y. Fulton Corp. for a "clarification" of the order dated March 13, 1996, dismissed their cross claims against the latter defendant.

Ordered that the order dated March 13, 1996, is modified, on the law, by deleting the provision thereof which, upon searching the record, granted the plaintiffs partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1); as so modified, the order dated March 13, 1996, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 9, 1996, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendant B.B.Y. Fulton Corp. which was to dismiss the cross claims of the defendants Easy Shopping Corp., d/b/a Easy Fashions, and Easy Fashion, Inc., asserted against it is denied.

The plaintiff Nicholas Zgoba was injured when he fell from a ladder which suddenly pitched forward. According to the injured plaintiff, the ladder "felt like it just sank, the front of it, the left side * * * it just went down". At the time of the accident, the injured plaintiff, who was employed by the third-party defendant Wells Fargo Alarm Service (hereinafter Wells Fargo), was in the process of installing a motion detector to an already existing alarm system on premises owned by the defendant B.B.Y. Fulton Corp. (hereinafter B.B.Y.), and leased to the defendant Easy Shopping Corp. d/b/a Easy Fashions, and Easy Fashion, Inc. (hereinafter Easy Fashions). This work entailed threading approximately 200 feet of cable from the fourth floor of the premises, where the motion detector was to be located, through pipe holes down to the second floor, where the cable was to be attached to a control panel connected to the building's power supply. Following the accident, the plaintiffs

commenced this action against B.B.Y. and Easy Fashions, alleging, *inter alia,* that they had violated Labor Law § 240 (1) by failing to furnish the injured plaintiff with a ladder which was "so constructed, placed and operated as to give proper protection".

Contrary to the contentions of the defendant Easy Fashions and the third-party defendant Wells Fargo, the Supreme Court properly denied their motions to dismiss the plaintiffs' Labor Law § 240 (1) claim, since the work which the injured plaintiff was performing at the time of his accident constituted an alteration to a structure within the purview of the statute (*see, Walsh v Applied Digital Data Sys.,* 190 AD2d 731; *Atwell v Mountain, Ltd.,* 184 AD2d 1065; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292). However, the court should not have awarded the plaintiffs partial summary judgment on the issue of liability. In order to prevail upon a claim pursuant to Labor Law § 240 (1), a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of his injuries (*see, Bland v Manocherian,* 66 NY2d 452; *Sprague v Peckham Materials Corp.,* 240 AD2d 392). Here, in the absence of evidence demonstrating that the ladder was actually defective, the issue of whether it provided the injured plaintiff with proper protection as required by the statute is a question of fact for the jury (*see, Sprague v Peckham Materials Corp., supra; Rice v PCM Dev. Agency Co.,* 230 AD2d 898; *Gange v Tilles Inv. Co.,* 220 AD2d 556).

Furthermore, although a property owner such as B.B.Y. may be only vicariously liable for the injuries of the plaintiff Nicholas Zgoba under the nondelegable duty imposed by Labor Law § 240 (1), the Supreme Court erred in dismissing the plaintiffs' claim against B.B.Y. on this basis. In addition, since the record reveals an issue of fact as to whether B.B.Y.'s negligence contributed to the accident, it would be premature to conditionally award B.B.Y. indemnification from Easy Fashions under common-law principles or pursuant to the parties' lease in the event that the plaintiffs prevail in the main action.

We find no merit to Wells Fargo's contention that the Supreme Court erred in denying its motion to dismiss the claims asserted against it by Easy Fashions in the first third-party action. Although the parties' installation and maintenance agreement contained an indemnification clause, this provision, read in its entirety, was clearly only intended to relieve Wells Fargo from liability arising from the failure of its alarm system to properly function, or its failure to perform its obligations under the agreement. The subject claim, which is unre-

lated to the operation of the alarm system, is beyond the scope of the indemnification clause.

The parties' remaining contentions are without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.