**Richard JOBLON and Magdalena Joblon, Plaintiffs–Appellants,**

v.

**Sheldon H. SOLOW, Defendant–Third–Party–Plaintiff–Appellee,**

**Geller Electric Construction & Maintenance, Inc., Third–Party–Defendant–Cross–Defendant–Appellee,**

**Avon Products, Incorporated, Defendant–Third–Party–Plaintiff–Cross–Claimant–Appellee.**

**Docket No. 97–7544.**

United States Court of Appeals, Second Circuit.

Argued Nov. 11, 1997.

Decided Jan. 28, 1998.

David P. Kownacki, New York City for Plaintiffs–Appellants.

Timothy Gallagher, New York City (McMahon, Martine and Gallagher), for Third–Party–Defendant–Cross–Defendant–Appellee.

Carl R. Fogelberg, New York City (Fogelberg & Associates, P.C.), for Third–Party–Plaintiff–Cross–Claimant–Appellee.

William E. Fay, III, New York City (Barry, McTiernan & Moore; Laurel A. Wedinger), for Third–Party Plaintiff–Appellee.

Before: FEINBERG, OAKES and PARKER, Circuit Judges.

FEINBERG, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, J., for a tenant in an office building on a claim, inter alia, that the tenant is liable under New York Labor Law §§ 240(1) and 241(6) for injuries suffered by an electrician. We have concluded that we should certify two important questions of law to the New York Court of Appeals. The questions are (1) where an electrician fell from a ladder while employed to "chop a hole through a block wall with a hammer and chisel"[1] and route a conduit pipe and wire through the hole to install a wall clock, does New York Labor Law § 240(1) apply on the grounds that his work constituted an alteration or repair of a "building" or "structure" within the meaning of the statute; and (2) does New York Labor Law § 241(6) apply, based on his work being "alteration," "repair" or "maintenance" within the meaning of the New York State Industrial Code, 12 N.Y.C.R.R. et seq. Accordingly, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate, in the form set out below, together with a complete set of briefs, appendices, and record filed by the parties with this Court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal. The parties are hereby ordered to bear equally such fees and costs, if any, as may be requested by the New York Court of Appeals.

Certificate

Certificate to the New York Court of Appeals pursuant to 22 N.Y.C.R.R. § 500.17(b) (McKinney's 1998 N.Y. Rules of Court).

1. The certified issues in this case concern New York's law of liability under New York Labor Law §§ 240(1) and 241(6). Plaintiffs Richard Joblon and his wife Magdalena brought suit in the Southern District against defendants Avon Products, Inc. (Avon) and Sheldon H. Solow, owner of a building in which Avon was a tenant, alleging common law negligence and violation of §§ 240(1) and 241(6). Jurisdiction was based upon diversity. Plaintiff Richard Joblon (Joblon) worked for Geller Electric Construction & Maintenance, Inc. (Geller), which performed electrical work for Avon.

---

1. Joint Appendix, p. 82.

The accident leading to the law suit occurred under the following circumstances: Joblon was instructed to install a new outlet for a wall clock, which required him to chop a hole through a block wall with a hammer and chisel and route a conduit pipe and wire through the hole. The room was too small for him to lock open the legs of his A-frame ladder. Initially, a fellow Geller employee named Schwab steadied the ladder. Schwab left to finish work in the next room, and Joblon subsequently fell and sustained substantial injuries.

After plaintiffs filed their suit, Avon and Solow cross-claimed for indemnification, Solow brought a third-party action against Geller for indemnification, and Avon then cross-claimed against Geller for indemnification (later converted to a third-party action). Thereafter, the district judge granted summary judgment for defendants on the two statutory claims because, as discussed in more detail below, the judge interpreted §§ 240(1) and 241(6) as inapplicable to Joblon's work. In addition, Solow was granted summary judgment on the remaining common law negligence claim against him and on his claim for indemnification by Avon. The remaining common law negligence claim against Avon went to trial and the jury returned a verdict for Avon (thus mooting Avon's third-party claim against Geller).

The issues upon which we seek guidance involve §§ 240(1) and 241(6). The former imposes strict liability on contractors and owners for accidents involving the "erection, demolition, repairing, altering, painting ... of a building or structure," if they do not provide "ladders ... and other devices which shall be so constructed, placed and operated as to give proper protection...." The district court granted summary judgment on the § 240(1) claim on the ground that although "the parties ... cited equally persuasive authorities," it was more consistent with "the underlying purpose of the statute" to find that Joblon's "modification or extension of an existing system" did not constitute "repairing" or "altering" the structure.

Section 241(6) creates liability, subject to a comparative negligence defense, if "construction ... work is being performed" and there

are violations of specific safety standards, e.g., the Industrial Code (12 N.Y.C.R.R. Subchapter A). The district judge granted summary judgment on this claim on the ground that Joblon was not doing "construction" work.

With respect to § 240(1), plaintiffs argue that the New York Court of Appeals has repeatedly stated that § 240(1) is to be interpreted liberally, and that the district court's distinction between, on the one hand, a "modification" and, on the other hand, "repairing" or "altering" is not supportable. Plaintiffs rely on such cases as *Weininger v. Hagedorn & Co.*, 659 N.Y.S.2d 476 (N.Y.A.D. 1st Dep't 1997) (scheduled to be argued before the New York Court of Appeals, we are informed, on March 24, 1998); *Rodriguez v. New York City Housing Authority*, 194 A.D.2d 460, 599 N.Y.S.2d 263 (1st Dep't 1993); and *MacNair v. Salamon*, 199 A.D.2d 170, 606 N.Y.S.2d 152 (1st Dep't 1993). With respect to § 241(6), plaintiffs cite cases holding that 12 N.Y.C.R.R. 23–1.4(b)(13) defines "construction" for § 241(6) purposes, and includes "work ... performed in the construction, erection, *alteration, repair, maintenance,* painting or moving of buildings or other structures ...." (emphasis supplied). See e.g., *DaBolt v. Bethlehem Steel Corp.*, 92 A.D.2d 70, 73–74, 459 N.Y.S.2d 503, 505–06 (4th Dep't 1983); *Walton v. Devi Corp.*, 215 A.D.2d 60, 62, 632 N.Y.S.2d 898, 899–900 (3d Dep't 1995).

With respect to § 240(1), defendants argue that this case involves routine maintenance, relying on the minor nature of the work, e.g., Geller was "house electrician," Avon thought the work was maintenance (and thus did not consult with Solow), and Avon employees were in the room while work was going on. Defendants rely on the cases cited by the district court, such as *Cosentino v. Long Island Railroad*, 201 A.D.2d 528, 607 N.Y.S.2d 720 (2d Dep't 1994) and *Edwards v. Twenty–Four Twenty–Six Main Street Associates*, 195 A.D.2d 592, 601 N.Y.S.2d 11 (2d Dep't 1993), as well as others such as *Kesselbach v. Liberty Haulage, Inc.*, 182 A.D.2d 741, 582 N.Y.S.2d 739 (2d Dep't 1992), and *Wilson v. City of New York*, 89 F.3d 32 (2d Cir.1996). With respect to § 241(6), defen-

dants cite such cases as *Walton* and *Malczewski v. Cannon Design, Inc.*, 125 A.D.2d 941, 510 N.Y.S.2d 339 (4th Dep't 1986), for the proposition that despite the broad language of 12 N.Y.C.R.R. 23–1.4(b)(13), a § 241(6) claim must involve work affecting the "structural integrity of the building." *Walton*, 215 A.D.2d at 62–63, 632 N.Y.S.2d at 900. Defendants also argue that plaintiffs' § 241(6) claim was either waived or not adequately pleaded, because plaintiffs failed to cite the specific safety standards allegedly violated, 12 N.Y.C.R.R. 23–1.21(b)(8) and (e)(2), until their Trial Memorandum of Law. If § 241(6) applies to Joblon's work, we may remand to allow the district court to determine the waiver and pleading issues under applicable law.

2. The questions of law that we certify are as follows: (a) where an electrician fell from a ladder while employed to chop a hole through a block wall with a hammer and a chisel and route a conduit pipe and wire through the hole to install a wall clock, does New York Labor Law § 240(1) apply on the grounds that his work constituted an "alteration" or "repair" within the meaning of the statute; and (b) does New York Labor Law § 241(6) apply, based on his work being "alteration," "repair" or "maintenance" within the meaning of 12 N.Y.C.R.R. 23–1.4(b)(13).

3. The questions should be decided by the New York Court of Appeals because the state court decisions do not yield a clear answer. These issues affect the interests of, among others, New York property owners, lessees, contractors, and workers. The New York Court of Appeals is in a better position than are the federal courts to adjudicate these issues of New York law. Certification respects New York's strong interest in determining the intended scope of these statutes rather than having them decided by "a federal court, which may be mistaken." *Home Ins. Co. v. American Home Prods. Corp.*, 873 F.2d 520, 522 (2d Cir.1989). Resolution by the New York Court of Appeals of the certified issues would aid in the administration of justice.