■ JOSEPH SAMMARTINO, Appellant, v VANDERBILT ASSOCIATES, Respondent, A.J. COHEN, Defendant and Third-Party Plaintiff-Respondent, and WELLS FARGO ALARM SERVICES, INC., Defendant and Third-Party Defendant-Respondent. T.F.L. ELECTRICAL, INC., Third-Party Defendant-Respondent. [670 NYS2d 784] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated February 10, 1997, as granted the respective motions of the defendants and the third-party defendant T.F.L. Electrical, Inc., to dismiss the cause of action to recover damages based on a violation of Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The record supports the Supreme Court's conclusion that the work performed by the injured plaintiff was not construction work within the meaning of Labor Law § 241 (6) (see, e.g., Vernieri v Empire Realty Co., 219 AD2d 593, 595-596; Walton v Devi Corp., 215 AD2d 60). Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ ALAN SANDERS, Plaintiff, v LAURIE SANDERS, Respondent. MALONE, TAUBER & SOHN, P. C., Nonparty Appellant. [670 NYS2d 778] —In an action for a divorce and ancillary relief, nonparty Malone, Tauber & Sohn, P. C., appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated August 7, 1997, which granted the defendant's motion to direct it to provide written answers to certain of the defendant's interrogatories.

Ordered that the order is reversed, with costs, and the motion is denied.

While the Supreme Court correctly found that the defendant is entitled to limited discovery, the interrogatories herein are overly broad and must be stricken. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.