**Richard JOBLON and Magdalena Joblon, Plaintiffs–Appellants,**

v.

**Sheldon H. SOLOW, Defendant–Third–Party–Plaintiff–Appellee,**

**Geller Electric Construction & Maintenance, Inc., Third–Party–Defendant–Cross–Defendant–Appellee,**

**Avon Products, Incorporated, Defendant–Third–Party–Plaintiff–Cross–Claimant–Appellee.**

No. 774, Docket 97–7544.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 1997.

Decided June 29, 1998.

Questions Certified Jan. 28, 1998.

Certified Questions Answered April 30, 1998.

David P. Kownacki, New York City, for Plaintiffs–Appellants.

Timothy Gallagher, New York City (McMahon, Martine and Gallagher, of counsel), for Third–Party–Defendant–Cross–Defendant–Appellee.

Carl R. Fogelberg, New York City (Fogelberg & Associates, P.C., of counsel), for Third–Party–Plaintiff–Cross–Claimant–Appellee.

William E. Fay, III, New York City (Barry, McTiernan & Moore, Laurel A. Wedinger, of counsel), for Third–Party Plaintiff–Appellee.

Before: FEINBERG, OAKES and PARKER, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs Richard Joblon (Joblon) and his wife Magdalena appeal from a judgment entered on April 7, 1997 and various prior orders dated February 13, 1996, April 3, 1996, November 22, 1996 and April 2, 1997 of the United States District Court for the Southern District of New York (Robert W. Sweet, J.), dismissing the various claims in their complaint against defendants Sheldon H. Solow (Solow) and Avon Products, Inc. (Avon). Joblon was injured in January 1992 while employed as an electrician by third-party defendant Geller Electric Construction & Maintenance, Inc. (Geller) to do wiring for Avon on premises Avon leased from Solow. The Joblons thereafter sued Solow and Avon in February 1994, basing federal jurisdiction on diversity.

Before trial, the district court by orders dated February 13 and November 22, 1996 denied the Joblons' motion for partial summary judgment on their claims under New York Labor Law §§ 240(1) and 241(6), and dismissed those claims. The basis of its holding was that the work performed by Joblon was not within the scope of these statutes. See *Joblon v. Solow*, 914 F.Supp. 1044 (S.D.N.Y.1996); *Joblon v. Solow*, 945 F.Supp. 734 (S.D.N.Y.1996). A jury trial on the Joblons' remaining negligence claim resulted in a verdict for the defense.

On appeal to this court, the Joblons contended that the verdict against them on the negligence claim must be reversed due to prejudicial comments made during summation by counsel for Geller. They also appealed the dismissal of their claims under Labor Law §§ 240(1) and 241(6). We concluded that the New York caselaw provides no clear answer to whether the work performed by Joblon was within the scope of Labor Law §§ 240(1) and 241(6), and in deference to New York's strong interest in having the intended scope of these statutes determined by a New York court, we certified those questions to the New York Court of Appeals in an opinion dated January 28, 1998. *Joblon v. Solow*, 135 F.3d 261 (2d Cir.1998). The New York Court of Appeals accepted the certified questions, and determined in an opinion dated April 30, 1998 that Labor Law §§ 240(1) and 241(6) were applicable to the work performed by Joblon. *Joblon v. Solow*, 91 N.Y.2d 457, 672 N.Y.S.2d 286, 695 N.E.2d 237, 1998 N.Y. Slip Op. 04261 (1998). We now proceed to disposition of the Joblons' appeal.

The procedural posture and facts of this case are described in greater detail in our January 28, 1998 opinion and in the opinion of the New York Court of Appeals, and we will presume the reader's familiarity with them.[1] Joblon was injured while chopping a hole through a block wall with a hammer and chisel and routing a conduit pipe and wire through the hole to install a wall clock. The room Joblon was working in was arguably too small to lock open his A-frame ladder, and Joblon subsequently fell and sustained substantial injuries.

---

1. We made no findings of fact in our prior opinion, and we make no findings now. We rely on the facts used by the district court for purposes of the motion and cross-motions for summary judgment as to liability under §§ 240(1) and 241(6).

New York Labor Law § 240(1) provides for strict liability for owners and contractors if during the "erection, demolition, repairing, altering, [or] painting . . . of a building or structure," they do not provide "ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection. . . ." Section 241(6) creates liability, which unlike liability under § 240(1) is subject to a comparative negligence defense, if "construction work is being performed," and there is a violation of specific safety standards, e.g., the Industrial Code (12 N.Y.C.R.R. Subchapter A). Construction is defined for purposes of § 241(6) by 12 N.Y.C.R.R. 23–1.4[b][13] as "work . . . performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures." The district court held that § 240(1) did not apply because Joblon's "modification or extension of an existing [electrical] system" did not constitute "repairing" or "altering" the structure, and that § 241(6) did not apply because Joblon was not doing "construction" work. 914 F.Supp. at 1048.

In response to this court's certified questions as to the applicability of those statutes, the New York Court of Appeals held that § 240(1) requires a *"significant* physical change to the configuration or composition of the building or structure," and that "although the question is close . . . the work performed by Joblon was a significant physical change to the configuration or composition of the building." *Joblon,* 672 N.Y.S.2d 286, 290, 695 N.E.2d 237. Likewise, the court held that § 241(6) was not limited to building construction sites and that Joblon's work fell within the definition of construction at 12 N.Y.C.R.R. 23–1.4[b][13], and thus within the scope of § 241(6). Id. at 291.

After receiving the answers to the certified questions from the New York Court of Appeals, we requested letter briefs from all parties. The Joblons asserted in response, among other things, that we should reverse the order of the district court and grant the Joblons partial summary judgment as to liability under § 240(1), that the claim under § 241(6) and any issues of comparative negli-

gence which may be relevant to that claim would then be moot, and that the case should be remanded to the district court for determination of damages and issues related to the apportionment of damages.

Solow, Avon and Geller all contended principally that partial summary judgment for the Joblons is inappropriate because even if §§ 240(1) and § 241(6) apply (as the New York Court of Appeals held), the Joblons must still establish that § 240(1) or § 241(6) was actually violated, and that any such violation was the proximate cause of Joblon's injuries. Defendants Avon and Geller had originally argued to us that the Joblons waived their § 241(6) claim by failing to timely plead the specific safety standard allegedly violated. In our order certifying the questions as to the scope of the statutes to the New York Court of Appeals, we indicated that if that court found the statutes applied, we might remand the waiver issue to the district court for a determination of the applicable law and whether any waiver had in fact taken place. 135 F.3d at 264.

We express no opinion as to these or other issues that still have to be determined. We, of course, accept the holding of the New York Court of Appeals as to the applicability of §§ 240(1) and 241(6). In the interest of sound judicial administration, the district court should determine in the first instance whether summary judgment as to liability under § 240(1) is appropriate on this record. Likewise, to the extent other open issues remain, such as the pleading issue with respect to § 241(6), we have not had the benefit of the district court's determination of these issues, and it would be premature for this court to decide them before the district court does.

There is one issue, however, raised by the Joblons in their appeal that is not affected by the answers to the certified questions and deserves further mention. The Joblons contend that because counsel for Geller made improper comments during summation they are entitled to reversal of the verdict against them and a new trial on the negligence count. We have examined the record carefully, including the judge's curative instructions, and

find the claim to be without merit under New York law.

For the foregoing reasons, the judgment of the district court is vacated except for the judgment in favor of the defense on the negligence claim, which we affirm. We remand for further proceedings consistent with this opinion and the opinion of the New York Court of Appeals.