Richard JOBLON and Magdalena
Joblon, Plaintiffs,

v.

Sheldon H. SOLOW and Avon
Products, Inc., Defendant.

Sheldon H. SOLOW, Third–
Party Plaintiff,

v.

GELLERE ELECTRIC CONSTRUCTION
& MAINTENANCE, INC., Third–
Party Defendant.

No. 94 Civ–0610 RWS.

United States District Court,
S.D. New York.

Oct. 8, 1998.

David P. Kownacki, New York City, for Plaintiff.

McMahon, Martine and Gallagher, New York City, for Third–Party Defendant; Timothy D. Gallagher, of counsel.

LaBrum & Doak, New York City, for Defendant Avon Products, Inc.; John P. Cookson, of counsel.

## OPINION

SWEET, District Judge.

The plaintiffs Richard Joblon and Magdalena Joblon (the "Joblons"), third-party defendant Geller Electric Construction & Maintenance, Inc. ("Geller") and defendant Avon Products, Inc. ("Avon"), have all moved for summary judgment. For the reasons set forth below, all motions are denied and the action placed upon the ready trial calendar.

### Prior Proceedings

Richard Joblon, an electrician, fell from a ladder on January 30, 1992, and that fall has resulted in extensive litigation, starting with the filing of this action on February 1, 1994, the rendering of opinions with respect to motions for summary judgment and other matters on February 13, 1996, April 3, 1996, November 22, 1996 and April 2, 1997, respectively. *Joblon v. Solow,* 914 F.Supp. 1044 (S.D.N.Y.1996); 921 F.Supp. 218 (S.D.N.Y. 1996); 945 F.Supp. 734 (S.D.N.Y.1996); 1997 WL 158357 (S.D.N.Y.1997). From April 1 to April 3, 1997, a jury trial was held on the remaining issues and a judgment in favor of Avon was entered on April 7, 1997.

The Joblons appealed both the jury verdict and the prior grants of summary judgment to the defendants striking the claims of the Joblons based upon New York Labor Law §§ 240(1) and 241(6). In its opinion of January 28, 1998, *Joblon v. Solow,* 135 F.3d 261 (2d Cir.1998), the Court of Appeals certified the question of the applicability of those statutes to the New York Court of Appeals

which determined in its opinion of April 30, 1998, that the sections were applicable. *Joblon v. Solow,* 91 N.Y.2d 457, 672 N.Y.S.2d 286, 695 N.E.2d 237, 1998 N.Y. slip op. 04261.

After receiving letter briefs from the parties, by opinion of June 29, 1998, the Court of Appeals remanded the action to this court to determine whether summary judgment in favor of the Joblons is appropriate, whether the Joblons have waived their claim under § 241(6), and all other open issues, except, of course, the applicability of §§ 240 and 241(6) as determined by the New York Court of Appeals. Familiarity with all the prior opinions is assumed.

The Joblons moved for summary judgment on July 24, 1998. Defendants Geller and Avon moved for summary judgment on August 26, 1998. Opposition and reply papers were received through September 2, 1998, at which time the motions were considered fully submitted.

### The Facts

Joblon fell off a ladder while installing an electric wall clock, a task which required chopping a hole through a block wall and running a conduit pipe and wire. Sheldon H. Solow ("Solow") owned the building, Avon leased the premises. Geller provided services to Avon, and Joblon was Geller's employee. As our Court of Appeals stated:

> The room Joblon was working in was arguably too small for him to lock open his A-frame ladder, and Joblon subsequently fell and sustained substantial injuries.

*Joblon v. Solow,* 152 F.3d 55, 56 (2d Cir. 1998), 135 F.3d at 263.

### Discussion

"Summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). 'As a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party.' However, where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir.1991) (citations omitted).

As is often stated, "[v]iewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991); *see also Bay,* 936 F.2d at 116.

### A Dispute of Mixed Facts and Law Precludes Summary Judgment

The Joblons base their motion for summary judgment on two propositions, that the ladder was improperly placed, that is, unsecured and not locked in place, and that this unsecured placement was a substantial factor in causing the injury. Avon contends that the Joblons must establish that the alleged violation of § 240 was the proximate cause of the injury, and Avon maintains that the ladder was not defective and that there is a factual issue as to whether or not it could have been locked in place.

In the companion case to this one in the New York Court of Appeals, *Weininger v. Hagedorn & Co.,* 91 N.Y.2d 958, 672 N.Y.S.2d 840, 695 N.E.2d 709 (1998), the Court of Appeals stated:

> Plaintiff was engaged in "altering" a structure within the meaning of Labor Law Section 240(1). Here, at the time of his injury, plaintiff's work involved "making a *significant* physical change of configuration or composition of the building or structure," not a simple, routine activity (*Joblon v. Solow,* 91 N.Y.2d 457, 672 N.Y.S.2d 286, 695 N.E.2d 237 [decided today]). Supreme Court erred however, in directing the verdict in favor of plaintiff, at the close of his own case, on the issue of proximate cause. In the circumstances presented, a reasonable jury could have concluded that the plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law Section 240(1) did not attach.

*Weininger v. Hagedorn & Co.,* 91 N.Y.2d 958, 672 N.Y.S.2d 840, 695 N.E.2d 709 (1998).

There it was claimed that the plaintiff stepped on the crossbar and here it is claimed that Joblon failed to lock the ladder. As our Court of Appeals noted, the room in

which work was being done was "arguably" too small to lock the ladder, *Joblon v. Solow*, 152 F.3d 55, 56 (2d Cir.1998), 135 F.3d at 263, and Geller has raised precisely that factual issue.

Geller has appropriately cited § 240(1) cases where a plaintiff was required to prove that the statute was violated, and that this violation was the proximate cause of his injuries. *Zgoba v. Easy Shopping Corp.*, 246 A.D.2d 539, 667 N.Y.S.2d 426 (2d Dep't 1998); *Alava v. City of New York*, 246 A.D.2d 614, 668 N.Y.S.2d 624 (2d Dep't 1998), *Avendano v. Sazerac, Inc.*, 248 A.D.2d 340, 669 N.Y.S.2d 620 (2d Dep't 1998), and *Ossorio v. Forest Hills South Owners, Inc.*, —— A.D.2d ——, 675 N.Y.S.2d 360. This case differs from the collapsed ladder in *Bland v. Manocherian*, 66 N.Y.2d 452, 497 N.Y.S.2d 880, 488 N.E.2d 810 (1985) on which the Joblons rely.

Here, there is a triable issue of proximate cause which precludes summary judgment. Generally, issues of proximate cause are questions of fact appropriate for a jury to decide. *See Nowlin v. City of New York*, 81 N.Y.2d 81, 89, 595 N.Y.S.2d 927, 612 N.E.2d 285 ("proximate cause a jury question."); *Peevey v. Burgess*, 192 A.D.2d 1115, 1116, 596 N.Y.S.2d 250 (4th Dept.1993) ("questions concerning foreseeability and proximate cause are generally for the jury").

### There Was No Waiver of the Section 241(6) Claim

In the final pretrial order signed by the court on November 1, 1997, the Joblons claimed a violation of § 241(6). The allegations of the Joblons as there set forth were sufficient allegations under *Ross v. Curtis–Palmer Hydro–Electric*, 81 N.Y.2d 494, 502, 601 N.Y.S.2d 49, 618 N.E.2d 82 (1993). In addition, certainly the proceedings above made clear the Joblons' contention. A claim of surprise or prejudice at this stage is not viable.

### Other Issues

The Joblons suggest that George Schwab, Joblon's co-worker and an employee, was a special employee of Avon. This question and any questions of apportionment will be reserved for further pretrial proceedings.

### Conclusion

The motions for summary judgment are denied. The action is placed upon the ready trial calendar.

It is so ordered.